# In the United States Court of Federal Claims

|                                    |                          |
|------------------------------------|--------------------------|
| SHAKEEMAH ARYANAH RICHARDSON,      |                          |
| Plaintiff,                         | No. 23-cv-1744           |
| v.                                 | Filed: March 20, 2024    |
| THE UNITED STATES,                 |                          |
| Defendant.                         |                          |

*Shakeemah Aryanah Richardson*, Stone Mountain, Georgia, Plaintiff, appearing *pro se*.

*Meredyth Cohen Havasy*, United States Department of Justice, Civil Division, Commercial Litigation Branch, Washington, D.C., appearing for Defendant.

### MEMORANDUM AND ORDER

On October 4, 2023, Plaintiff Shakeemah Aryanah Richardson, proceeding *pro se*, filed a Complaint in this Court, against the United States. *See* Complaint (ECF No. 1) (Compl.). Though Plaintiff names the United States as the Defendant in this case, she claims that Home SFR Borrower IV LLC ("Home SFR") owes her "interest, equity, and credits" based on the company's alleged wrongdoing. *Id.* at 1, 3.[1] She asserts claims for "breach of contract – surety, tax – allowance of interest[,] miscellaneous – lease and miscellaneous – damages" because, according to Plaintiff, Home SFR "fraudulently filed a depository for removal from the property," "used [her] interest and or credit's [sic] without [her] consent," and "fraudulent[ly] collected funds" from her. *Id.* at 1–2. Defendant moves to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and

---

[1] Citations throughout this Memorandum and Order reference the ECF-assigned page numbers, which do not always correspond to the pagination within the document.

1

12(b)(6).  *See generally* Defendant's Motion to Dismiss (ECF No. 6) (Def. Mot.).  For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

Also pending before the Court is Plaintiff's October 4, 2023 Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) (IFP Motion).  In support of her IFP Motion, Plaintiff submitted documentation satisfying the requirements of 28 U.S.C. § 1915.  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.

## BACKGROUND

Plaintiff filed her Complaint in this Court on October 4, 2023, asserting a variety of claims.  *See generally* Compl.  Specifically, Plaintiff alleges "breach of contract – surety, tax – allowance of interest[,] miscellaneous – lease and miscellaneous – damages."  *Id.* at 1.  To support her claims, Plaintiff points to the alleged actions of Home SFR.  Compl. at 1–2.  She contends that Home SFR "fraudulently filed a depository for removal from the property when [Plaintiff] never signed a lease with this company" and that Home SFR failed to respond to her administrative process requests.  *Id.* at 1.

Furthermore, Plaintiff claims that Home SFR "violated [her] right's [sic] . . . since 2021" by using her credit and interest without consent.  *Id.* at 2.  Plaintiff emphasizes that she "did not sign or have a contract with Home SFR Borrower IV LLC."  Plaintiff's Notice (ECF No. 8) (Notice) at 2; *see also* Compl. at 1.  The Complaint asserts that Home SFR "failed to provide a cause of action."  Compl. at 2.

In a subsequently filed Notice, Plaintiff also asserts that Home SFR "has been misusing plaintiff['s] securities" and sold her information on the stock market as an "unconscionable contract."  Notice at 2.  Plaintiff contends in her Notice that Home SFR's "mishandling securities, breach of meeting of the minds, misrepresentation, failure to apply interest to principal's account

monthly, [and] breach of fiduciary duty" has caused her damages and injury. *Id.*; *see also* Compl. at 2. Plaintiff seeks "all interest, equity, [and] credits [] due" and for Home SFR "to clear any balance out on any account involving [Plaintiff's] name." Compl. at 3.

On November 15, 2023, Defendant filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6), contending that this Court lacks subject matter jurisdiction over Plaintiff's allegations and that Plaintiff failed to state a claim upon which relief may be granted. Def. Mot. at 1, 2, 6. First, Defendant argues that substantively, Plaintiff's claims are directed against Home SFR, not the United States, and accordingly this Court lacks jurisdiction to consider the claims. *Id.* at 5. Next, Defendant contends that even if the Court reads Plaintiff's Complaint to allege action by the United States, this Court's jurisdiction does not extend to claims for fraud or due process. *Id.* at 5–6. Finally, Defendant asserts that Plaintiff fails to state a claim upon which relief can be granted. *Id.* at 6. On December 6, 2023, Plaintiff filed a Notice restating and adding allegations and demanding "to show cause [of] administrative process under the law." Notice at 1–2.[2]

## APPLICABLE LEGAL STANDARD

As the primary source of jurisdiction for the United States Court of Federal Claims, the Tucker Act vests this Court with jurisdiction over any suit against the United States for money damages "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States . . . in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act serves as a waiver of sovereign immunity for "certain claims for monetary relief against the United States," but it does not create

---

[2] It is not clear from Plaintiff's Notice against whom the "demand to show cause " is asserted. *See* Notice at 1.

any enforceable right against the United States on its own. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014). To establish a right under the Tucker Act that falls within this Court's limited jurisdiction, a plaintiff must identify a separate "money-mandating" source under federal law. *Bell v. United States*, 20 F.4th 768, 770 (Fed. Cir. 2021). More precisely, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'" *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983) (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)). Accordingly, this Court's limited subject matter jurisdiction does not extend to "every claim invoking the Constitution, a federal statute, or a regulation." *Mitchell*, 463 U.S. at 216.

Moreover, while this Court has jurisdiction over monetary claims against the United States, it lacks jurisdiction over claims against private parties, state actors, or specific federal employees acting in their individual capacity. *United States v. Sherwood*, 312 U.S. 584, 588 (1941) (affirming that the United States Court of Federal Claims' limited jurisdiction does not include relief "against others than the United States"); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) ("The Tucker Act grants the Court of Federal Claims jurisdiction over suits against the United States, not against individual federal officials.").

This Court is required to dismiss claims outside its limited subject matter jurisdiction. *See* Rule 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, this Court "accepts as true all uncontroverted factual allegations in the complaint and construes them in the light most favorable to the plaintiff." *Estes Express Lines*, 739 F.3d at 692; *see also Banks v. United States*, 741 F.3d 1268, 1277 (Fed. Cir. 2014).

A motion to dismiss pursuant to Rule 12(b)(6) should be granted if the facts asserted in support of a claim do not entitle the plaintiff to a legal remedy. *See Welty v. United States*, 926 F.3d 1319, 1323 (Fed. Cir. 2019). To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff also must establish "more than a sheer possibility that a defendant has acted unlawfully." *Id*. (citing *Twombly,* 550 U.S. at 556). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 555, 557).

In considering a motion to dismiss, this Court must liberally construe a complaint filed by a *pro se* litigant because *pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That said, *pro se* plaintiffs must still demonstrate this Court's jurisdiction by a preponderance of the evidence. *See Curry v. United States*, 787 F. App'x 720, 722 (Fed. Cir. 2019); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988). While this Court allows ambiguities in *pro se* filings, it "does not excuse . . . failures" on the merits. *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

## DISCUSSION

### I.     This Court Lacks Subject Matter Jurisdiction over Plaintiff's Claims

This Court lacks subject matter jurisdiction over Plaintiff's claims even under the most liberal construction. Though Plaintiff names the United States as the defendant in this case, it is

evident that her claims are instead lodged against Home SFR, and the true nature of her complaint does not involve the United States. *See e.g.*, Compl. at 1 (alleging that Home SFR "fraudulently filed a depository for removal"); *id.* at 2 (claiming that Home SFR "has violated [plaintiff's] rights" and "failed to provide a cause of action"); Notice at 2 (concluding that Home SFR "has caused damages [and] injury").

It is well-established that this Court does not, however, have jurisdiction over suits against private parties. *See Sherwood*, 312 U.S. at 588 (finding that suits against parties "other than the United States" are outside this Court's jurisdiction). Neither the Plaintiff's Complaint nor her Notice reference any actions by the United States or a government agency, for which Defendant might be liable. Merely naming the United States as a defendant "is insufficient to circumvent this jurisdictional requirement where the real party in interest" is a private party. *Malone v. United States*, No. 22-1910C, 2023 WL 2664327, at *2 (Fed. Cl. March 28, 2023); *see Cooper v. United States*, 771 F. App'x 997, 1000 (Fed. Cir. 2019) (internal citations omitted) (quoting *Brazos Elec. Power Co-op., Inc. v. United States*, 144 F.3d 784, 787 (Fed. Cir. 1998)) ("Although the complaint names the United States as the sole defendant in the case caption, 'we customarily look to the substance of the pleadings rather than their form' to determine whether jurisdiction exists. [Plaintiffs'] complaint in substance does not appear to allege any involvement of the federal government in the events it describes."); *see also Fullard v. United States*, 78 Fed. Cl. 294, 300 (2007) ("A plaintiff cannot invoke Tucker Act jurisdiction by merely naming the United States as the defendant in the caption of the complaint but failing to assert any substantive claims against the federal government."). Therefore, Plaintiff cannot establish jurisdiction in this Court by merely naming the United States as defendant where the true nature of her allegations are lodged against a private party.

Even assuming Plaintiff's claims were directed to the United States, which, they are not, the Complaint would nevertheless still fail to establish subject matter jurisdiction in this Court. Plaintiff asserts a variety of claims including fraud, misrepresentation, due process violations, and violations of the Securities Act of 1933. Compl. at 1–2; Notice at 2. However, as discussed below, these sources do not confer jurisdiction upon this Court.

First, this Court lacks jurisdiction over fraud claims regardless of whether those claims are construed as criminal or civil. *See Ullman v. United States*, 151 F. App'x 941, 945 (Fed. Cir. 2005) (quoting *Brown*, 105 F.3d at 623) ("Because [plaintiff's] complaint for 'fraudulent concealment' is 'grounded upon fraud, which is a tort, the court lacks jurisdiction over those claims.'"); *Kupersmit v. United States*, No. 18-1839T, 2019 WL 1569791, at *3 (Fed. Cl. Apr. 11, 2019) ("[T]he Court of Federal Claims lacks jurisdiction over claims of fraud and deceit because such claims sound in tort."). Plaintiff asserts that Home SFR "fraudulently filed a depository for removal" and fraudulently "collected funds" without her consent. Compl. at 1–2. Accordingly, to the extent Plaintiff is asserting criminal fraud, these claims must be dismissed because this Court lacks jurisdiction over criminal matters. *Joshua v. United States*, 17 F.3d 378, 379–80 (Fed. Cir. 1994); *Stephens v. United States*, 165 Fed. Cl. 341, 349–50 (2023); *Fullard*, 78 Fed. Cl. at 301 ("Moreover, plaintiff alleges criminal fraud, a subject matter over which this court lacks jurisdiction."). To the extent that Plaintiff is asserting civil fraud, these claims sound in tort and therefore, fail to confer jurisdiction on this Court. *Brown*, 105 F.3d at 623; *Lea v. United States*, 592 F. App'x 930, 933 (Fed. Cir. 2014); *Ogburn v. United States*, No. 22-502C, 2022 WL 3711589, at *2 (Fed. Cl. Aug. 26, 2022) ("[Plaintiff's] claims of fraud sound in tort, and the Tucker Act expressly deprives this Court of jurisdiction over tort claims."). As it is well-established that

this Court's jurisdiction does not extend to criminal or tort claims, Plaintiff's allegations of fraud must be dismissed.

Next, Plaintiff asserts various claims that the Court liberally construes as alleged due process violations. Compl. at 2. Specifically, Plaintiff alleges that Home SFR "failed to provide a cause of action" and failed "to state claim which relief can be granted" under Rule 12(b)(6). *Id*. Claims for due process clause violations "do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act." *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013); *see also Nagy v. United States*, No. 23-0505C, 2023 WL 4677033, at *3 (Fed. Cl. July 20, 2023). As such, Plaintiff's due process claims must be dismissed for lack of jurisdiction in this Court. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).

Plaintiff's remaining claims also fail. Plaintiff asserts in her Notice that Home SFR harmed Plaintiff by "mishandling securities, breach of meeting of the minds, misrepresentation, failure to apply interest to principal's account monthly, [and] breach of fiduciary duty." Notice at 2. These claims were not raised in the Complaint. *See* Compl. at 1–3. Claims raised for the first time in a subsequent filing are waived. *Kimble v. United States*, 991 F.3d 1238, 1244 (Fed. Cir. 2021) ("[D]istinct claims are waived if not pled in a complaint."); *Casa de Cambio Comdiv S.A. v. United States*, 291 F.3d 1356, 1366 (Fed. Cir. 2002); *see Stephens*, 165 Fed. Cl. at 351 (dismissing claims raised for the first time in plaintiff's response); *see also Novosteel SA v. United States*, 284 F.3d 1261, 1273–74 (Fed. Cir. 2002).

Even if this Court were to liberally construe the Complaint to encompass alleged misrepresentation and securities violations, this Court does not have jurisdiction to adjudicate such claims. *See* Notice at 2; *see, e.g.*, *Jarvis v. United States*, 154 Fed. Cl. 712, 718–19 (2021) (internal citations omitted) (citing *Watson v. United States*, No. 06-716, 2007 WL 5171595, at *6–8 (Fed.

8

Cl. Jan. 26, 2007), *aff'd*, 240 F. App'x 410 (Fed. Cir. 2007)) ("Although asserting claims for the first time in a response brief is no substitute for formally amending a complaint, because [plaintiff] is proceeding pro se the court will consider his [ ] claim."). Misrepresentation is a claim sounding in tort that falls outside this Court's limited jurisdiction.[3] *See Doe v. United States*, 100 F.3d 1576, 1585 (Fed. Cir. 1996) ("[T]he Tucker Act excludes tort claims such as negligent misrepresentation from the Court of Federal Claims' jurisdiction."); *E & I Global Energy Servs. v. United States*, 144 Fed. Cl. 508, 515 (2019); *Harris v. United States*, No. 18-293C, 2018 WL 2996277, at *2 (Fed. Cl. June 15, 2018) ("Fraudulent misrepresentation is a claim sounding in tort, over which this court has no jurisdiction."). Therefore, Plaintiff's misrepresentation claim must be dismissed as beyond the scope of this Court.

Further, this Court lacks jurisdiction to adjudicate violations of the Securities Act of 1933. Plaintiff asserts that Home SFR "has been misusing plaintiff['s] securities under the Securities Act of 1933" and that according to the SEC website, "securities has been trading [sic] on security exchange commission, without consent of the plaintiff." Notice at 2. Plaintiff also claims that Home SFR owes damages based on their "mishandling securities." *Id.* This Court's jurisdiction, however, does not extend to securities claims. *See Grady v. United States*, 565 F. App'x 870, 870–72 (Fed. Cir. 2014); *see also Taylor v. United States*, 168 Fed. Cl. 696, 704–05 (2023). Therefore, Plaintiff cannot rely on securities law to assert jurisdiction in this Court.

---

[3] This Court may consider misrepresentation claims that are "inextricably connected" with breach of contract. *Edwards v. United States*, 19 Cl. Ct. 663, 669 (1990); *Doe*, 100 F.3d at 1585. However, Plaintiff has failed to state a claim for breach of contract upon which relief can be granted. *See* infra Section II.

9

## II.     Plaintiff Fails to State a Claim for Which Relief Can be Granted

Even if Plaintiff's claims were to confer jurisdiction on this Court, her Complaint must still be dismissed because it fails to state a claim upon which relief can be granted. Plaintiff asserts "breach of contract – surety, tax – allowance of interest[,] miscellaneous – lease and miscellaneous – damages" as her "grounds for filing." Compl. at 1. Plaintiff also contends Home SFR has breached its fiduciary duty. Notice at 2. None of these assertions have factual support in the Complaint.

First, Plaintiff fails to state a claim for "breach of contract – surety" and "breach of meeting of the minds." Compl. at 1; Notice at 2. Plaintiff also asserts that her information was "shared and or sold on the stock market an [sic] unconscionable contract." Notice at 2. To establish a breach of contract claim, a plaintiff must prove: "(1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach." *San Carlos Irrigation & Drainage Dist. v. United States*, 877 F.2d 957, 959 (Fed. Cir. 1989). The Complaint does not assert facts to support these elements. Rather, Plaintiff twice asserts that a contract never existed. Compl. at 1 ("I have not sign[ed] a contract with Home SFR Borrower IV LLC."); Notice at 2 ("The plaintiff did not sign or have a contract with Home SFR Borrower IV LLC."). Because the Complaint disclaims the first element of breach of contract, this claim must be dismissed.

To the extent Plaintiff is alleging a tax claim, it also must be dismissed. Plaintiff asserts in her Complaint a claim for "tax – allowance of interest." Compl. at 1. Though this Court has jurisdiction to hear tax claims, a prerequisite for filing in this Court is that "the taxpayer first files a claim for a refund with the Internal Revenue Service" for taxes he or she paid. *Geiersbach v. United States*, No. 19-85T, 2019 WL 4740852, at *3 (Fed. Cl. Sept. 27, 2019); *see also Riggle v.*

*United States*, 131 F. App'x 273, 274 (Fed. Cir. 2005); *Curie v. United States*, 163 Fed. Cl. 791, 806 (2022). The Complaint fails to establish that Plaintiff paid taxes and then filed a claim for a refund with the IRS. Though Plaintiff does provide some tax documents, namely a Form 1099-C and Form 1099-A, these alone do not provide the basis necessary to support Plaintiff's tax claim. *See* Notice at 14–15. Next, Plaintiff's grounds of "miscellaneous – lease and miscellaneous – damages" fail to state a claim. The Complaint asserts that Home SFR attempted to remove her "from the property when [she] never signed a lease with this company." Compl. at 1. Plaintiff further contends that Home SFR "has caused damages, injury." Notice at 2. These "naked assertions" of law with nothing more cannot create a cause of action for which relief can be granted. *Twombly*, 550 U.S. at 555, 557; *Bradley v. Chiron Corp.*, 136 F.3d 1317, 1322 (Fed. Cir. 1998) ("Conclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim.").

Finally, the Complaint fails to establish the existence of a breach of fiduciary duty. Plaintiff lists various claims against Home SFR including "failure to apply interest to principal's account monthly, breach of fiduciary duty." Notice at 2. "A claim for breach of fiduciary duty may proceed in this court if the fiduciary duty is imposed on the government by a money-mandating statute or regulation, or alternatively, by a contract." *Angel v. United States*, 165 Fed. Cl. 453, 469 (2023) (citing *Hopi Tribe v. United States*, 782 F.3d 662, 666–67 (Fed. Cir. 2015)); *see also Fairholme Funds, Inc. v. United States*, 26 F.4th 1274, 1296 (Fed. Cir. 2022) (internal quotations omitted) ("The Claims Court also has jurisdiction over a plaintiff's breach of fiduciary duty claim grounded in a contractually based obligation to the plaintiff."). The Complaint does not point to any provisions that impose a fiduciary duty. Further, Plaintiff dispels the existence of any contractual

relationship by asserting she did not a sign a contract. Compl. at 1; Notice at 2. Therefore, Plaintiff's breach of fiduciary claim must be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 2) and **GRANTS** Defendant's Motion to Dismiss (ECF No. 6) pursuant to Rules 12(b)(1), 12(b)(6), and 12(h)(3). Accordingly, Plaintiff's Complaint is dismissed without leave to replead. The Clerk of Court is **DIRECTED** to enter Judgment accordingly.

IT IS SO ORDERED.

*Eleni M. Roumel*
ELENI M. ROUMEL
Judge

Dated: March 20, 2024
Washington, D.C.

12